NICOLÁS ORTIZ, como padre con patria potestad de David Ortiz, demandante y apelante, *v.* LUIS TORO CABAÑAS, demandado y apelado.

No. 3693.—*Visto:* Noviembre 25, 1925. *Resuelto:* Abril 30, 1926.

1. APELACIÓN Y ERROR—REVISIÓN—CUESTIONES DE HECHO, VEREDICTOS Y CONCLUSIONES—APRECIACIÓN DE LAS PRUEBAS—PRUEBA CONTRADICTORIA.—Cuando los errores levantados se refieren a la apreciación de la prueba y siendo ésta contradictoria el conflicto en la misma se ha resuelto en contra del apelante, no demostrando éste la existencia de pasión o prejuicio, ni error manifiesto alguno, la sentencia apelada debe confirmarse.

2. "TORTS"—ACCIONES DE DAÑOS Y PERJUICIOS (*Torts*)—ACTOS QUE DAN LUGAR A SU EJERCICIO—EN GENERAL.—Actos que dan lugar al ejercicio de una acción de daños y perjuicios (*torts*), expresados.

SENTENCIA de *Charles E. Foote,* J. (Primer Distrito, San Juan), declarando sin lugar la demanda, con costas. *Confirmada.*

*Juan B. Soto,* abogado del apelante; *F. B. Fornaris,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Nicolás Ortiz, como padre con patria potestad de David Ortiz, demandó a Luis Toro Cabañas reclamándole diez mil dólares por los daños y perjuicios que ocasionara al menor David, así:

"II.—Que el día 25 de noviembre de 1922, el referido menor se encontraba junto a la acera de un edificio situado en la carretera que conduce de la ciudad de San Juan a la de Río Piedras, Puerto Rico, situado entre el kilómetro 11 y el 12 de dicha carretera.

"III.—Que mientras dicho menor se encontraba junto a la sobredicha acera, el demandado guiaba un automóvil que marchaba por dicha corretera en dirección de norte a sur, o sea de la ciudad de San Juan, Puerto Rico, a la de Río Piedras, a gran velocidad.

"IV.—Que mientras el demandado guiaba dicho automóvil en la dirección expresada, y mientras el referido menor se encontraba junto a la sobredicha acera, el demandado, negligentemente, esto es: sin usar el debido cuidado para notar la presencia del referido menor y para evitar que dicho automóvil chocara con la persona de dicho menor, lanzó el automóvil de referencia contra tal persona, produciéndole a dicho menor la fractura completa de una pierna, fuertes contusiones en la cabeza, que le privaron del conocimiento y varias otras contusiones de carácter grave que han afectado profundamente su salud y sus aptitudes para llevar a efecto las labores escolares propias de su edad y necesarias a los fines de su preparación para obtener los medios de subvenir a sus necesidades y de llenar cumplidamente sus deberes al llegar a su mayor edad."

El demandado contestó negando en general la demanda y alegando, como defensa especial:

"Que en la fecha, hora y sitio como se alegan los hechos ocurridos en la demanda, si el menor demandante recibió lesión alguna como consecuencia del accidente con el automóvil del demandado, fué debido exclusivamente a la falta de precaución e impremeditada temeridad del referido menor en atravezar imprudentemente la carretera en un sitio de excesivo tránsito de vehículos, dando así lugar a que sin que notara la proximidad del automóvil del demandado ni fuera visto por éste, insistiera en atravezar dicho camino, a pesar del demandado haber dado el aviso correspondiente por medio de su claxon, y de marchar a moderada velocidad; y alega además el demandado que el accidente aludido en modo alguno es imputable a dicho demandado, por cuanto observó e hizo uso allí y entonces de todos los medios a su alcance para evitar dicho accidente."

Fué el pleito a juicio y la corte consignando en su opinión que "La prueba aportada por el demandante no sostiene en manera alguna la alegada negligencia del demandado, así como tampoco demuestra que el accidente a que se refiere la demanda, tuviera por causa próxima ni remota, un acto negligente del demandado," declaró la demanda sin lugar, con costas.

No conforme el demandante, apeló, señalando en su ale-

gato tres errores que pueden reducirse a uno: error en la apreciación de la prueba.

[1] Sólo un testigo presencial, Juan José Santiago, aportó el demandante. Dijo, en parte, que el automóvil del demandado cuando ocurrió el accidente caminaba a "bastante velocidad;" que él estaba trabajando "en la misma cuneta de la carretera" y vió "el carro que pasaba y más alante ví que cogió al niño;" que nada existía que impidiera la vista del niño por parte del *chauffeur;* que "el niño estaba a un lado del camino;" que el niño "salió del edificio . . . . él venía en la misma línea que yo, subía él; salió y subía para arriba por donde estaba yo," y que no vió que el niño cruzara la carretera.

El demandado presentó dos testigos presenciales, el propio demandado que guiaba su automóvil y Pablo Martínez. El primero dijo, en parte, que "El día del accidente me dirigía yo hacia Río Piedras desde San Juan y al llegar al kilómetro, no recuerdo, cerca de la entrada a la Universidad de Puerto Rico había un Ford yendo de aquí para allá, metido en esa entrada, a mano derecha había un carro con la mar de latas y venía mucha gente para San Juan. Al pasar yo cerca del carro, antes de pasar por el Ford di aviso con el claxon y en ese mismo instante sin que yo tuviera oportunidad de darme cuenta ha salido detrás de este Ford un muchacho tratando de cruzar la carretera."

Y el segundo, también en parte, manifestó que "Había un Ford que había acabado de virar en aquellos momentos y había un carro con latas a mano izquierda viniendo para acá, y habían unos niños retozando hacia la parte de la Universidad en unos palos de guayaba y salió uno corriendo y se paró por el lado del Ford y venía el señor y le dió con el guarda-lodo. . . . . Abog.—¿De dónde dice que salió el chiquito?—T.—De la parte de la Universidad, es decir, a la parte izquierda de aquí para allá.—A.—¿Salió andando, co-

rriendo o cómo?—T.—Corriendo, se acababa de tirar de un gancho.''

La prueba fué pues, contradictoria y la corte resolvió el conflicto en contra del demandante. Los esfuerzos hechos por el abogado del apelante en su largo alegato no demuestran la existencia de pasión o prejuicio, ni error manifiesto alguno.

Siendo ello así, el hecho finalmente comprobado sólo constituye un accidente inevitable, desgraciado, con motivo del cual no cabe exigir indemnización pecuniaria al demandado, no obstante los perjuicios que haya podido sufrir el menor.

[2] Resumiendo la jurisprudencia con respecto a los actos que dan lugar al ejercicio con éxito de una acción de daños y perjuicios (*tort*), Ruling Case Law los enumera así:

''1.—Un acto cometido intencional y voluntariamente, sin excusa legal u ocasión justificada, y con la intención real o interpretativa de causar daño; 2, la comisión de un claro acto ilegal, o la omisión de cumplir algún deber especial o absoluto, la cual en sí constituye una invasión de los derechos de otro, o una infracción de los deberes para con él, sin mediar culpa de éste; o un acto cometido u omitido en violación de un estatuto positivo y que resulte en daño, dentro de la protección y fines del estatuto, para alguien que sin culpa estuviere materialmente contribuyendo al daño; no habiendo en uno u otro caso intención ni esperanza por parte del demandado de que el acto u omisión produzca daño; 3, una omisión o acto dañoso no cometido ni omitido con intención alguna de producir daño, ni constitutivo de infracción de algún derecho claro o absoluto de otro, ni de violación de alguna ley positiva o de alguna obligación especial o absoluta, pero que, mediante el ejercicio de una adecuada diligencia y habilidad, pudo haber sido previsto e impedido, siendo la persona que recibe el daño una sobre cuya seguridad y protección el demandado tenía entonces alguna obligación condicional o limitada.'' 26 R.C.L. 757–58.

*Debe confirmarse la sentencia apelada.*